SAMUEL A. AVILA, Respondent, *v.* WILLIAM LOCKWOOD et al., Appellants.

During the pendency of an action to set aside a sale made on credit by plaintiff's agents to a corporation of which they were the managing officers, the agents, as such officers, sold the property to a third party; subsequently plaintiff obtained judgment setting aside the sale and directing the delivery of the property to it. *Held,* that after perfecting judgment therein, an assignor of the plaintiff was entitled to bring an action to recover the proceeds of the sale received by said agents from the corporation; and that, as the sale was tortious, defendants were not entitled to retain commissions.

(Argued December 10, 1884; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 12, 1882, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court at Special Term.

This action was brought by plaintiff, as assignor of the Brooklyn White Lead Company, to recover the amount real-

ized on a sale of a quantity of sugar of lead, alleged to have been made by defendants as agents for said corporation.

The court found in substance the following facts.

On February 17, 1881, one Massey, as receiver in an action pending in the Supreme Court, had in his hands the sugar of lead in question, which he put in the hands of defendants, as brokers, for sale. On February 19, 1881, the suit in which Massey was appointed receiver was settled and he was directed by order of the court to surrender to the Brooklyn White Lead Company all sugar of lead unsold, and the proceeds of all sales. Massey gave to said company an order on the defendants for the sugar of lead unsold, and the proceeds of sale, which order they accepted. On February 18, 1881, the defendants sold the sugar of lead to the Manhattan Chemical Company, of which company, at that time, they were respectively president and treasurer. This sale was on thirty days' credit for $7,598.58. The Brooklyn Company, on February 21, 1881, learning to whom the sale was made, gave notice that it elected to disaffirm the sale, and demanded the sugar of lead. The demand was refused, and said company thereupon brought suit to set aside the sale and to recover the property. An injunction was granted therein restraining a sale *pendente lite*. This was set aside on motion upon defendants giving a bond to pay and perform any judgment rendered against them. Judgment was perfected setting aside the sale and directing a delivery of the sugar of lead to plaintiff. Meanwhile, however, it had been sold and had passed out of the possession and beyond the control of the defendants. The defendants received $7,598.58 from the Manhattan Chemical Company for the sugar of lead, and on March 21, 1881, wrote to the Brooklyn Company offering this sum, less expenses and commissions. On November 22, 1881, the said company duly assigned the sugar of lead, and all causes of action against defendants for its conversion, and its right and title to the proceeds, to the plaintiff. The court held that plaintiff was entitled to recover the sum so received less actual expenditures ; that defendants were not entitled to commissions as the sale was tortious.

*W. F. MacRae* for appellants. The company's suit was an election to hold the property instead of its proceeds, and therefore it could not thereafter insist on substituting the proceeds, for that would be a repudiation of the very remedy they had first elected to take, which the law will not tolerate. (*Rodermund* v. *Clark*, 46 N. Y. 354; *Morris* v. *Rexford*, 18 id. 552; *Tompkins* v. *Hyatt*, 28 id. 347.) To maintain an action for money had and received, it is necessary to establish that the defendant has received money belonging to the plaintiff or to which it is entitled. (*National Trust Co.* v. *Gleason*, 77 N. Y. 403.) After obtaining judgment of disaffirmance, the rights of all parties became fixed, and were the same as though there had never been any contract of sale. (*Kinney* v. *Kiernan*, 49 N. Y. 168.)

*William N. Dykman* for respondent. It being *res adjudicata* that plaintiff's assignor was entitled to an immediate delivery of the specific sugar of lead, and the defendants having parted with it for money, that money may be taken by the plaintiff. (*Dows* v. *Kidder*, 84 N. Y. 121–131; *Van Allen* v. *Am. Nat. Bk.*, 52 id. 1.) The plea of the former judgment in bar is bad. (*Dows* v. *Kidder*, 84 N. Y. 121; *Sturtevant* v. *Waterbury*, 2 Hall, 449.) An unsuccessful effort to retake the goods sold and avoid the sale does not forbid a subsequent action for the value. (*Powers* v. *Benedict*, 88 N. Y. 605.)

DANFORTH, J. The judgment in favor of the Brooklyn White Lead Company against the Manhattan Chemical Company and the defendants in this action (Lockwood & McClintock) entitled the plaintiff's assignors, as owners, to the immediate possession of the property then in question and required its delivery to them. But the defendants now here, had, by converting the property, put it out of their power to comply with the judgment, and that fact is in substance the defense set up. It should not prevail. It would require us to hold that an ineffectual judgment divested a successful plaintiff of his property and gave the wrong-doer a new advantage. This is not

Statement of case.

the law. On the contrary the title is not disturbed until in some way he receives satisfaction for it. (*Osterhout* v. *Roberts*, 8 Cowen, 43; *Ball* v. *Liney*, 48 N. Y. 6.) Although they have disposed of the property, the defendants still hold the proceeds of the sale, and the judgment appealed from requires them to pay it over to the person appointed by the owner to receive it.

If the plaintiff or his assignor had sued upon the bond given in the former action, a different question would have arisen. The one now involved was properly disposed of by the court below, and its judgment should be affirmed.

All concur.

Judgment affirmed.