In the Matter of the Opening, Widening and Improvement of Flushing Avenue, in Long Island City.

Pending an appeal from an order denying a motion to set aside the report of commissioners of estimate and assessment in proceedings for a local improvement, which motion was founded upon an alleged irregularity, a second motion was made by the same parties to set aside the same order and also the order confirming the report of said commissioners. The affidavits upon which the second motion was based set forth the facts as to the irregularity substantially as in the papers used on the first motion, but the main ground relied upon was the unconstitutionality of the act under which the improvement was made.   The second motion was denied, and the order was affirmed by the General Term and by this court.   It did not appear that the question of irregularity was decided, and the points decided, rendered it unnecessary to determine that question. Thereafter, on moving for argument, the appeal from the order denying the first motion, the General Term dismissed the appeal, on the ground that the appellants were concluded by the order made on the second motion. *Held* error ; that the right to have the appeal on the first motion considered was not precluded by the order on the second.

(Submitted March 3, 1885 ; decided March 10, 1885.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, made May 14, 1884, which dismissed an appeal from an order denying a motion to set aside an order appointing commissioners of estimate and assessment herein.

*Frank E. Blackwell* for appellants.   The application for the order of dismissal was a motion.   (Code of Civil Pro., § 768.)   There being no special provision of law or of the rules of practice in respect to notice of a motion of this character, and no order to show cause having been granted, the appellants were entitled to the notice prescribed in such cases by statute.   (Code of Civ. Pro., § 780.)   The Code requires such notice, and one General Term has no power to dispense with such requirement.   (*Salters* v. *Sheppard*, 11 Weekly Dig. 189.)

*J. Ralph Burnett* for respondents.   The hearing of the

second motion on the original and additional papers was, in effect (as to these appellants), granting leave to renew, and a renewal of the first motion, and a waiver of the right to prosecute the first appeal. (*Harris* v. *Brown*, 93 N. Y. 390; *Peel* v. *Elliott*, 16 How. 483; *Noble* v. *Prescott*, 4 E. D. Smith, 139; *Harrison* v. *Neher*, 9 Hun, 127; *Robbins* v. *Ferris*, 5 id. 186.) The fact that the orders appealed from were made by different judges can make no difference. They were the acts of the same court — the Special Term — and not of the judges. (*Belmont* v. *Erie Ry. Co.*, 52 Barb. 653.)

ANDREWS, J. The first motion to set aside the order of July 5, 1881, appointing commissioners of estimate and assessment, was founded upon an alleged irregularity in granting the order, and was denied, and an appeal was thereupon taken by the appellants to the General Term, from the order denying the motion. The second motion was made pending the appeal from the order denying the first motion, which second motion was to set aside the same order of July 5, 1881, and also an order made November 14, 1881, confirming the report of the commissioners appointed by the order of July 5, 1881. The affidavits upon which the second motion was made set out the facts relating to the irregularity claimed in respect to the order of July 5, 1881, substantially as in the papers used on the first motion, but the main ground relied upon for setting aside the order and subsequent proceedings was that the acts under which the improvement of Flushing Avenue was made, were unconstitutional and void. The second motion was denied by an order of the Special Term, December 16, 1882, but on what particular ground does not appear. An appeal from that order was taken to the General Term, where the order was affirmed, and from that order of affirmance an appeal was taken to this court, which affirmed the orders of the General and Special Terms. (95 N. Y.135.) After the affirmance by this court of the order made on the second motion, the present appellants then moved the argument at General Term of the appeal from the order made on

the denial of the first motion, and on application of the respondents the General Term dismissed the appeal on the ground that the appellants were concluded by the order made in the second motion, from raising the question as to the irregularity in the order of July 5, 1881. The present appeal is from the order of dismissal. It does not appear from the papers presented that the question of the regularity of the order of July 5, 1881, was decided in the second motion. The affirmance by this court of the order made in that motion proceeded upon *laches* and other grounds indicated in the opinion delivered on that occasion. These grounds rendered it unnecessary to determine the question of the regularity of the order of July 5, 1881. They are not inconsistent with an admission of its irregularity. The right to have the appeal in the first motion considered was not, we think, precluded by the order in the second motion, and although upon the papers the right seems to be technical, and not substantial, we are of opinion that the dismissal of the appeal was erroneous.

The order should, therefore, be reversed.

All concur.

Order reversed.