(31 Misc. Rep. 501.)

OSTERMAN v. GOLDSTEIN et al.

(City Court of New York.   General Term.   May 1, 1900.)

1. NOTES—INDORSERS—TENDER—CONDITIONS.
Where accommodation indorsers, before the time to answer a suit on notes had expired, tendered plaintiff's attorney the amount due to date with a condition of payment that the note in its then condition be surrendered, the tender was sufficient.

2. SAME—PAYMENT INTO COURT.
Tender of accommodation indorsers of a note conditioned on the note being surrendered to them in its then condition having been refused, the tender need not be kept alive by payment into court, as defendants dispute plaintiff's right to the money unless the note is surrendered.

3. SAME—STIPULATION—AMOUNT TENDERED—APPEAL AND ERROR.
In an action on a note, where it was conceded in the stipulations on which the action was tried that a tender was made to plaintiff's attorney of the amount due to the date of tender, it is too late to question the amount tendered on appeal.

4. SAME—TENDER TO ATTORNEY.
Where plaintiff's attorney has possession of a note, with authority to sue or collect the amount, defendant may tender the amount of the note, interest, protest fees, and costs to the attorney, under Code Civ. Proc. § 731, providing that, in actions brought to recover a sum certain, defendant may tender to plaintiff or his attorney at any time before trial such a sum as he conceives to be sufficient to pay plaintiff's demand, in-including costs to that time.

5. SAME—JUDGMENT—RES JUDICATA.
Where defendant had tendered plaintiff the amount of a note before trial on condition that the note be delivered him, which tender had been refused, judgment rendered in favor of defendant at the trial that the tender was good, and that plaintiff was not entitled to any money until he was willing to surrender defendant the note in suit, will not bar another action by plaintiff on the note, in which he offers to surrender it.

Appeal from trial term.

Action on a note by Ascher Osterman against Gussie Goldstein and others.   From a judgment of the court in favor of defendants, plaintiff appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

E. J. Myers, for appellant.
M. D. Steuer, for respondents.

O'DWYER, J.   This action was brought to recover the sum of $301.65 upon a promissory note, and protest fees, together with interest.   The action was commenced against Gussie Goldstein, Michael Goldstein, Herman Goldstein, Joseph Goldstein, and Louis I. Bablove.   The defendants pleaded that subsequent to the commencement of the action, and before the time to answer had expired, Louis I. Bablove, who was then a defendant in the action, went to the office of the plaintiff's attorneys, and requested them to state the amount that was due upon the said note; that Samuel J. Goldsmith, one of the plaintiff's attorneys, who had sole charge of this action, fixed the amount at $317.65, which included the principal, interest, and costs to date; that then and there the sum of

$317.65 was tendered to the plaintiff's attorneys in lawful money of the United States, for and on behalf of the defendants, including this defendant, named as defendants in the action. The following is the stipulation and the agreed statement of facts upon which this action was tried:

"It is hereby stipulated and agreed, for the purposes of the trial of this action: (1) That the note in suit, in addition to the indorsements thereon mentioned in the complaint, was indorsed by H. H. Levy & Co. (2) That the indorsement of G. Goldstein & Sons upon said note was made at the request of and for the accommodation of H. H. Levy & Co. (3) That the note indorsed by the parties mentioned in the complaint was before maturity assigned and transferred for value, without notice, to Isaac Blumberg, who thereafter transferred the said note for value to Ascher Osterman, the plaintiff in this action, who is now the owner and holder thereof. (4) The defendant Louis I. Bablove and one Abraham Pincus, for and on behalf of all the defendants, after the commencement of the action and before the expiration of the time to answer, offered to Samuel J. Goldsmith, of the firm of Myers, Goldsmith & Bronner, the plaintiff's attorneys, the amount of the note, together with interest, protest fees, and costs accrued at the date of the offer. (5) That Samuel J. Goldsmith, of the firm of Myers, Goldsmith & Bronner, had at the time of the offer in his possession the promissory note in suit, and had unlimited authority from the plaintiff to sue or collect the amount thereof. (6) That the offer of the amount hereinbefore mentioned was made by the persons hereinbefore referred to, on condition that there should be returned to them the note in suit in its then condition, with the indorsement of H. H. Levy thereon. (7) That the said Samuel J. Goldsmith declined to return to the parties the promissory note in suit in its then condition, but no alteration or change has been made in the note. (8) That upon the trial of this action, had at the city hall, in the city of New York, on the 10th day of June, 1898, before Hon. William M. K. Olcott, Max. D. Steuer, the attorney for the defendants, conducted the trial, and offered to pay to the plaintiff or his attorneys the sum of $317.65, which was the same amount tendered on the prior occasion, and which offer was then refused. (9) That, other than upon the two occasions mentioned, the amount of the note, with interest, protest fees, and costs, has not been offered or tendered to the plaintiffs or his attorney, nor has any sum been paid into court to keep such offer good. (10) That this action was discontinued as to the defendant Louis I. Bablove after the commencement thereof, and after the offer above referred to and set out had been made and refused. (11) That either party may upon the trial question the competency, relevancy, and materiality of any of the foregoing matters.

"Dated, New York, February 28, 1899."

One liable to pay money secured by a written instrument has the absolute right, as a condition of tender and payment, to demand the surrender of the instrument which is the evidence of his debt. Wilder v. Seelye, 8 Barb. 409; Crandall v. Schroeppel, 1 Hun, 557; Bank v. Fant, 50 N. Y. 476; Bailey v. Buchanan Co., 115 N. Y. 301, 22 N. E. 155, 6 L. R. A. 562. The plaintiff had laid stress on the fact that the tender was not kept alive by a deposit in court. The tender was not a common-law tender, nor a tender under the Code, which must be absolute, and admits the plaintiff's right to the deposit. In this case, the defendants dispute the plaintiff's right to the money unless he surrenders the note, and for that reason it would have been improper to deposit the money in court. Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189. It is admitted that the defendant did not tender the money absolutely and unconditionally. He made the tender upon the express condition that the note should be returned to him in the condition in which it then was; other-

wise, he refused to pay. A tender of this sort need not be kept alive. If a tender of this sort were not sufficient, and it were necessary to keep the tender alive by depositing the money, it is absolutely settled in law that where a defendant makes a tender and deposits in court, the plaintiff may withdraw it from court any time that he may wish to do so, as it belongs to him.

The logic of law which requires a negotiable note to be surrendered in the condition in which it is at the time of the tender is clear, and no better example of it could be stated than this very case, as it is admitted that the note was indorsed by the defendant Goldstein for the benefit and accommodation of H. H. Levy & Co. If the note was delivered to the defendant with the indorsement of H. H. Levy & Co., when he tendered his money, then the defendant Goldstein would have had a cause of action against H. H. Levy & Co.; so that the plaintiff's attorneys, by declining to deliver the note in the condition in which it then was, would deprive the defendant of his right to sue H. H. Levy & Co. It is clear, therefore, that Goldstein was entitled to a surrender of the note, and was privileged to make a tender conditioned upon the surrender of the note in the condition in which it then was. Read v. Bank (Sup.) 13 N. Y. Supp. 855. The note in the case at bar was made by one Abraham Pincus. The defendant Goldstein, on paying the note, as an indorser, would have an action against Pincus on the note. How could he maintain his action unless he got possession of the note? If the defendant was bound to deposit the money in court, then the plaintiff could draw the money, and yet retain the note, and the defendant would be deprived of his right of action, both against Pincus, the maker, and H. H. Levy, for whose accommodation the defendant indorsed the note. If the defendant was not entitled to the surrender of the note, then there is no explanation for the provision made by section 1917 of the Code of Civil Procedure:

"Where it appears, upon the trial of an action, that a negotiable promissory note or bill of exchange upon which the action or a counterclaim interposed in the action is founded was lost. while it belonged to the party claiming the amount due thereupon, he may prove the contents thereof by parol or other secondary evidence, and may recover or set off the amount due thereupon as if it was produced. But for that purpose he must give to the adverse party a written undertaking in a sum fixed by the judge or the referee, not less than twice the amount of the note or bill, with at least two sureties, approved by the judge or referee, to the effect that he will indemnify the adverse party, his heirs and personal representatives, against any claim by any other person on account of the note or bill and against all costs and expenses by reason of such a claim."

There are, therefore, two reasons why the defendant in law is entitled to a surrender of the negotiable instrument: First, in order that he may pursue such remedy as he may have on the instrument; second, in order that he may be assured against any other action being brought against him on the same instrument. It has always been the law that a tender may be restricted by such conditions as by the terms of the contract are conditions precedent or simultaneous to the payment of a debt, or proper to be performed by the party to whom the tender is made,—as in the case at bar,

the right to the possession of the instrument. Halpin v. Insurance Co., 118 N. Y. 176, 23 N. E. 482; Wheelock v. Tanner, 39 N. Y. 481; Cass v. Higenbotam, 100 N. Y. 253, 3 N. E. 189.

It is conceded in the stipulation that a tender was made to Samuel J. Goldsmith, of the firm of Myers, Goldsmith & Bronner, the plaintiff's attorneys, of the amount of the note, together with interest, protest fees, and costs accrued at the date of the tender; and it is too late now to question the amount tendered. It is agreed that Samuel J. Goldsmith, of the firm of Myers, Goldsmith & Bronner, had, at the time of the offer to him of the amount of the note, with with accrued interest, protest fees, and all costs to date, in his possession the promissory note in suit, and had unlimited authority from the plaintiff to sue or collect the amount thereof; but the plaintiff contends that the offer made to the attorney is not good. This proposition is untenable.

Section 731 of the Code of Civil Procedure provides:

"Where the complaint demands judgment for a sum of money only, and the action was brought to recover a sum certain, or which may be reduced to certainty by calculation, or to recover damages for a casual or involuntary personal injury, or a like injury to property, the defendant or his attorney may, at any time before the trial, tender to the plaintiff, or to his attorney, such a sum of money as he conceives to be sufficient to make amends for the injury, or to pay the plaintiff's demand, together with the costs of the action to that time."

It is admitted that Goldsmith, the attorney, had unlimited authority from the plaintiff, and the plaintiff had placed the note in Goldsmith's hands for collection; and the courts have always held that payment or tender to a person or agent having authority to receive or collect is sufficient. The defendant was entitled to the return of his note upon paying the same. Therefore Goldsmith, who had possession of the note with authority to collect, was a proper person upon whom to make a tender. Crane v. Gruenewald, 120 N. Y. 275, 24 N. E. 456; Paley, Prin. Ag. (3d Ed.) 275; Story, Ag. § 98; Williams v. Walker, 2 Sandf. Ch. 325; Smith v. Kidd, 68 N. Y. 136. "To make a payment to one not the legal owner effectual, the duty devolves upon the payor of showing that the person to whom payment was made had at the time a right to receive payment." Seymour v. Smith, 114 N. Y. 482, 21 N. E. 1042.

From the agreed statement of facts it appears Goldsmith had the note in his possession, had unlimited power, and had the right to receive payment. The plaintiff is not entitled to any money until he is willing to surrender to the defendant the note in suit; but judgment for the defendant in this action could not be pleaded as a bar in any action instituted by the plaintiff upon this note, provided the plaintiff was, in the other action, ready and willing to surrender to the defendant the note. Reynolds v. Insurance Co., 160 N. Y. 651, 55 N. E. 305.

Judgment affirmed, with costs. All concur.