### KOWAL v. LEHRMAN et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. HUSBAND AND WIFE (§ 23½*)—AGENCY OF WIFE—UNAUTHORIZED ACT OF AGENT—RATIFICATION.

A husband may ratify the unauthorized act of his wife in loaning his money to a third person.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 147; Dec. Dig. § 23½.*]

2. HUSBAND AND WIFE (§ 23½*)—AGENCY OF WIFE FOR HUSBAND—RATIFICATION—EVIDENCE.

The bringing by a husband of an action for money loaned by his wife to a third person, on the theory that the money belonged to him, is some evidence that he ratified the unauthorized act of the wife in making the loan.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 23½.*]

3. JUDGMENT (§ 665*)—CONCLUSIVENESS—PERSONS CONCLUDED—PARTIES.

A judgment is not conclusive in a second action merely because the same question was at issue in the former action; but the subsequent action must be between the same parties, or their privies.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1177–1179; Dec. Dig. § 665.*]

4. JUDGMENT (§ 693*)—CONCLUSIVENESS—PERSONS CONCLUDED—HUSBAND AND WIFE.

A judgment dismissing an action by a wife for money loaned by her does not bar a subsequent action by the husband for the money, on the theory that it belonged to him, and that the wife loaned the same.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1216; Dec. Dig. § 693.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Davis Kowal against David Lehrman and another. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

John Manheimer, for appellant.
Emil P. Korkus, for respondents.

PER CURIAM. [1, 2] This action is brought to recover money loaned by plaintiff to defendant. The only witness called for plaintiff was Fanny Kowal, his wife, who testified that at the request of defendants she loaned them money which belonged to her husband, the plaintiff in this action. Although there was no evidence of ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

press authority on his part to make such loan, if the act was unauthorized, he might ratify it; and the bringing of this action may be deemed some evidence of ratification.

It appeared that, some three months before this action was brought, another action was brought in the name of the witness Fanny Kowal to recover the same money, and in that action, after a trial upon the merits, judgment was rendered dismissing the complaint. The witness was asked on cross-examination whether in that suit she did not testify that the money which was loaned belonged to her. She denied it, and asserted that she then testified that it belonged to her husband, as she did upon this occasion. At the close of her evidence the trial judge dismissed the complaint, upon the ground that the judgment in the former action was res adjudicata.

[3] In this we think he erred. A judgment is not conclusive in a second action merely because the same question was at issue in a former action before a court of competent jurisdiction. The subsequent action must be between the same parties or their privies. Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 55 N. E. 305; Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69.

[4] This action was not between the same parties as the former one, nor does the plaintiff in this action claim under the plaintiff in the former action. It is quite possible that judgment was rendered for the defendant in the former action because it appeared that the plaintiff therein was not the real party in interest.

In any event, as the evidence stands, that judgment was not conclusive, and the judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event.