REYNOLDS v. ALDERMAN.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

INDEMNITY (§ 13*) — JUDGMENT AGAINST INDEMNITEE — LIABILITY OF INDEMNITOR.

Defendant, a minor, left with plaintiff, as an innkeeper, a team hired from a livery. Plaintiff's hostler gave by mistake to defendant a team belonging to another liveryman and left in plaintiff's stable by a guest. The owner of the team obtained judgment against plaintiff for damages to the team while in defendant's possession, on the ground that plaintiff was liable as an innkeeper or because of his negligence in letting defendant take the team. Plaintiff gave defendant notice to defend in this ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion. *Held*, that plaintiff, paying the judgment, could not recover the amount thereof from defendant.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 29; Dec. Dig. § 13.*]

Kellogg and Sewell, JJ., dissenting.

Appeal from Trial Term, Chenango County.

Action by Charles H. Reynolds against Alfred E. Alderman. From a judgment dismissing the complaint at the close of plaintiff's proof, and from an order denying a new trial, plaintiff appeals. Affirmed.

See 54 Misc. Rep. 73, 103 N. Y. Supp. 863.

The plaintiff is an innkeeper. On the 3d day of June, 1906, the defendant put up a team of horses at the plaintiff's inn, which he had hired from a livery in Hamilton, and became a guest at such inn. On the same day one McNulty put up a team at such inn, which he had hired from one Snow, the keeper of a livery in Norwich, and also became a guest at the inn. When the defendant applied for his team, the plaintiff's hostler gave him the team that had been left by McNulty, and such team was driven by the defendant, supposing he had the right team, to Hamilton, where one of the horses died next day, and where the other was sick and injured. Snow thereupon commenced an action against this plaintiff to recover the damages to the team which the defendant in this action had taken away. The plaintiff notified this defendant, who was then an infant, that he had been sued, and requested him to defend the action, which he failed and neglected to do. The action was tried, and resulted in a verdict in favor of Snow against this plaintiff for $306 damages, and judgment was entered thereon, which, with costs, amounted to the sum of $391.13. The plaintiff paid such judgment, and brought this action against this defendant to recover the amount thereof. On the trial the plaintiff was nonsuited, and the plaintiff appeals.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Ward M. Truesdell, for appellant.

E. W. Cushman, for respondent.

CHESTER, J. The complaint in the action brought by Snow against Reynolds may have been for either one of two causes of action: First, to recover against Reynolds on his liability as an innkeeper; or, second, to recover damages for his negligence or that of his hostler in carelessly letting Alderman take Snow's team away from his inn. In form it states but one cause of action, but the allegations are sufficient under which a recovery might have been had on either one of the two theories mentioned. Nothing appears to show upon which theory the recovery was had. The plaintiff here seeks to hold the defendant liable over to him on the claim that he has suffered from a judgment caused by the defendant's acts.

With reference to claims of that character, it was said by Follett, C. J., in O. S. N. Co. v. Co. T. E., 134 N. Y. 461, 464, 31 N. E. 987, 988, 30 Am. St. Rep. 685:

"There are many reported cases of recoveries of sums which persons have been compelled by judgments to pay for the neglects of others, and the general rule is that there may be a recovery had in such cases unless the parties concurred in the wrong which caused the damages. Rochester v. Montgomery, 72 N. Y. 67; Village of Ft. Jervis v. First Nat. Bank, 96 N. Y. 550; Chicago City v. Robbins, 2 Black, 418, 17 L. Ed. 298; Robbins v. Chicago, 4 Wall. 657, 18 L. Ed. 427; Lowell v. Boston & Lowell R. R. Co., 22 Pick. (Mass.) 24, 34 Am. Dec. 33. The foregoing cases were brought by cities to recover sums

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

which they had been compelled to pay to travelers on the streets for injuries caused by the negligent conduct of the defendants." ·

The learned court at the Trial Term put the dismissal of the complaint on the ground that the judgment in the Snow action, upon which this action is predicated, is conclusive upon the plaintiff as to his own contributory negligence. I do not agree to that conclusion. Nevertheless the dismissal must be sustained because no cause of action was established.

The burden was upon the plaintiff to establish his cause of action. In order to do so, he was bound to show that the questions at issue in this action were litigated and determined in the former action. In Rudd v. Cornell, 171 N. Y. 114, 127, 63 N. E. 823, 827, Martin, J., in writing the opinion of the court, said:

"It is settled by the decisions of this court that a judgment is conclusive in a second action only when the same question was at issue in a former suit and the subsequent action was between the same parties or their privies, and that the conclusive character of a judgment extends only to the precise issues which were tried in the former action. They must be identical in each action, not merely in name, but in fact and in substance, and the party seeking to avail himself of a former judgment must show affirmatively that the question involved in the second action was material and actually determined in the former, as a former judgment will not operate as an estoppel as to immaterial or unessential facts, even though put in issue and directly decided. In other words, a former judgment is final only as to the facts which are actually litigated and decided, which relate to the issue therein, and the determination of which was necessary to the determination of that issue. Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 651, 55 N. E. 305."

In Lewis v. O. N. & P. Co., 125 N. Y. 341, 26 N. E. 301, it was held that where a judgment may have proceeded upon two or more distinct facts, the party seeking to avail himself of it in a subsequent action as conclusive evidence as to one of those facts must show affirmatively that it went upon that fact. There was no effort to show here upon which of the two theories the former judgment proceeded. The plaintiff simply relied upon his judgment in order to entitle him to succeed. The burden was upon him to show that the judgment in the former action was upon issues that were precisely the same as those involved in this action, and in this respect he failed.

The judgment and order should be affirmed, with costs.

COCHRANE, J., concurs.

SMITH, P. J. (concurring). The judgment in the Snow action was not binding upon this defendant for two reasons: First, because this defendant was an infant and the notice to defend that action was therefore ineffective for any purpose; second, the ground of liability in the Snow action was very different from the ground of liability in this action. Defendant cannot be made liable on the ground of negligence. Plaintiff had a special property in this team which he could protect as against one who unlawfully deprived him thereof. The team was taken from his possession by consent of his hostler who was acting for him. That consent was obtained through a mistake innocently made. If such consent had been obtained through fraud, it would be

void. Because obtained through an innocent mistake, it was not void, but was retractable. Plaintiff could, upon discovering his mistake, demand the team, and defendant's refusal to deliver would have constituted conversion. What transpired when defendant was at Earlville did not amount to a demand and refusal. Until defendant had refused to deliver the team upon demand, he was guilty of no wrong which can be made the basis of a liability. I therefore concur in affirmance.

Judgment and order affirmed, with costs.

JOHN M. KELLOGG, J. (dissenting). The trial court was wrong in dismissing the complaint upon the ground that the judgment against the plaintiff in the Snow action is conclusive upon his contributory negligence. The recovery in that action was solely upon the defendant's liability as an innkeeper. The allegations of negligence in the complaint were surplusage, and did not add to or detract from his liability as innkeeper.

By serving notice of that action upon this defendant, an infant, and requiring him to defend, the plaintiff could not charge him with the result of that trial. If an infant is sued and the action proceeds without the appointment of a guardian, the judgment is of no effect against him. He can only appear and be bound by judicial proceedings when represented in court by a guardian appointed for that purpose. The plaintiff, therefore, defended the Snow action entirely at his own risk, and the defendant cannot in any manner be charged therewith. It was for the plaintiff to determine whether he would settle with Snow, to whom he was clearly liable as innkeeper in some amount, or would test the matter in court, and the expense and result of the litigation are entirely his own. As innkeeper the plaintiff had a special property in the team, and could recover against any one who wrongfully or negligently injured it in his possession, or who negligently or wrongfully took it from his possession without his permission. It is unnecessary to determine whether this ground of liability is foreshadowed in the complaint or not. The plaintiff failed to prove any damages upon the trial, but, if the complaint or the proof was defective, it was fairly within the power of the court to permit amendment to cover the situation as it developed upon the trial, so long as the real cause of action was not changed. The complaint alleges that the defendant wrongfully and negligently took this team from the plaintiff while it was in his possession as innkeeper, and that one of the horses died while in the defendant's possession. The pleader evidently inserted the allegations with reference to the Snow judgment and the expense of that litigation for the purpose of enhancing the damages and charging the defendant with such judgment as proof of a part of the cause of action.

The court at Special Term clearly has power in its discretion to permit an amendment to the complaint by striking out allegations with reference to the judgment and the insertion of proper allegations about the value of the horse, if such an amendment is necessary. Such an amendment would not substantially change the cause of action, and in this case, at the close of the trial, such amendment might have been permitted if necessary to conform the pleadings to the proof, and the

court clearly had the power to permit the plaintiff to reopen and make further proof of damages. The plaintiff was thrown out of court by a ruling which made it improper for him to ask for a construction of the complaint or permission to amend it, or to add to his proof.

Upon the merits, I think different inferences may be drawn from the facts, and that, therefore, it was a proper case for the jury. Having been nonsuited upon a ground clearly erroneous, which prevented further action upon his part, plaintiff is entitled to a reversal of the judgment and a new trial.

SEWELL, J., concurs.